*Orphans' Court, Dauphin County, December 22d, 1865.*

IN THE MATTER OF GEIBLER'S ESTATE.

The widow of a decedent is not one of the parties who can take his real estate under section 10 of the act of 22d of April, 1856, by paying more for it than its appraised value.

BY THE COURT.—Appraisement having been made of William H. Geibler's real estate, and a rule granted upon his heirs to come in and take, or refuse at the valuation, and show cause why it should not be sold, his widow came forward and offered in writing to pay five dollars more than the appraisement, and asked to have the land awarded to her, under the 10th section of the act of April 22d, 1856. Can the court award her the land in fee? It is pretty clear that it could not be done prior to the passage of that act. The widow is one of the parties who can demand partition of the real estate of a decedent, but, as we conceive, it is intended as a means of obtaining her dower, which may be assigned to her by metes and bounds, or the value fixed in money, to be paid out of the land in the nature of a rent-charge. She is not one of those who may be called on to elect to take or refuse to take under the statute; that is confined to the *heirs* alone; she is nowhere enumerated as one to whom it is to be allotted, or referred to as one entitled to take; she may have her share set off by metes and bounds, if it can be done without prejudice; but in that she has only an estate for life. The whole course of legislation looks to the widow receiving her dower in money from those who take the land, rather than the land itself. The Supreme Court decided in Painter v. Henderson (7 Barr, 50), that

[In the Matter of Geibler's Estate.]

she was not an *heir* to whom the land could be awarded, nor can she be called upon to make an election. Thus the law stood prior to the act of 1856. Does the 10th section of that statute effect a change? It provides in substance that in all cases of partition of real estate in any court wherein a valuation shall have been made of the whole or any part thereof, the same shall be allotted to such one or more of the parties in interest, who shall at the return of the rule to accept or refuse to take at the valuation, offer in writing the highest price therefor, above the valuation returned; but if no higher price be offered, it shall be allotted or ordered to be sold as provided by law. This act applies to all cases of partition, whether in the Common Pleas or Orphans' Court; it contemplates an allotment to some one of those brought in by rule, who shall offer more for the property than the appraised value. We have already said that none other than the *heirs* can be ruled to come in and take or refuse to take at the valuation. The title is to pass by *allotment;* is not given over to *any person* who will offer the highest price, but that offer must come from one of the persons to whom the land could be allotted under former laws. It is spoken of as a well-known method of distributing property, and only changes the law so far as to give it to the highest bidder, instead of disposing of it according to seniority and sex, as provided in the 37th section of the act of 29th of March, 1832. True, the widow has an interest in the value, so far as it tends to increase her dower issuing out of the land, and the act speaks of *any party in interest bidding;* but still it must be one of those brought in by rule, of course an heir. Where valuations are grossly erroneous, it might be well to provide a mode of the widow raising the price by an offer, as well as the heirs, but the evil of deficient valuations has been so slight as to be scarcely appreciable, and never to have called for a correction by statute as among the heirs, for probably one hundred and fifty years, during which our present system has been in force. Possibly under this act the interest of the widow might be protected by permitting her to show by bid that the estate was of greater value; but we think that it cannot be done by allotting to her the land in fee, when she is entitled to only a life estate in one-third or one-half part thereof. We must decline awarding this land to the widow; she must take her dower or come in like other purchasers, if none of the heirs will take it at the valuation.